

# IN THE
# TENTH COURT OF APPEALS

## No. 10-07-00056-CR

**GABRIEL ANTHONY JIMENEZ,**

                                           **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                           **Appellee**

---

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 06-00382-CRF-361**

---

## MEMORANDUM OPINION

---

After the trial court denied his motion to suppress, Gabriel Jimenez pled guilty to two counts of possession of a controlled substance. He was sentenced in each count to one year in jail and a fine of $3,000. His sentence was suspended and he was placed on community supervision for two years. Jimenez appeals the denial of his motion to suppress. Because the trial court did not abuse its discretion in denying the motion to suppress, we affirm the trial court's judgment.

### BACKGROUND

Officer Holt of the Bryan Police Department was dispatched on a loud noise call

to Jimenez's house a little after 2 a.m. on October 2, 2005. Holt observed a party going on at the house where minors were drinking beer obtained from a keg in the back yard. Through the open front door, he also observed a marijuana bong in the living room of the house. Holt asked Jimenez's roommate, Chad Lovell, if he could enter the house. Lovell agreed.[1] Jimenez also agreed to Holt's entry but was rude and patronizing to the officer.[2] Once inside, and due to Jimenez's behavior toward the officer, Holt patted down Jimenez to check for weapons. Holt felt a bulge in the back waistline of Jimenez's pants that felt like a prescription pill bottle. He asked Jimenez about the bulge and Jimenez denied having anything on him. While talking with Holt, Jimenez shook the pill bottle down the leg of his pants. It fell out of his pants onto the floor. Holt picked it up and saw two different prescription pills inside a pill bottle with no prescription label.

## WARRANTLESS ENTRY

In his sole issue, Jimenez contends that the trial court abused its discretion in denying the motion to suppress evidence obtained during a warrantless entry into his house. Specifically, he argues that there were no exigent circumstances which would allow an exception to the warrant requirement. Jimenez however, ignores the trial court's written findings of fact. The court found, not only that exigent circumstances existed for the entry, but also that Holt had consent from Lovell and Jimenez to enter the house. The court also found that Holt's testimony was credible and that Lovell's

---

[1] Lovell testified at the motion to suppress hearing that Holt did not ask for permission to enter the house.

[2] Jimenez did not testify at the motion to suppress hearing.

testimony that Holt did not ask for permission to enter the house was not credible.

A finding of exigent circumstances is not the only exception to the warrant requirement for entry into a person's home. Consensual entry is another exception. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973); *Johnson v. State*, 226 S.W.3d 439, 443 (Tex. Crim. App. 2007). Jimenez does not challenge the trial court's findings regarding consent to entry. *See State v. Aviles*, No. 10-07-00371-CR, 2008 Tex. App. LEXIS 2577, *3 (Tex. App.—Waco Apr. 9, 2008, no pet.) (mem. op.) ("[B]efore we can hold that a trial court erred *vi[s-a-vis]* an evidentiary ruling, it is incumbent upon the party having the burden to prove error on appeal (*i.e.*, the appellant) to negate each potential basis supporting the ruling." *quoting In re T.M.*, 33 S.W.3d 341, 348 (Tex. App.—Amarillo 2000, no pet.)). Further, the evidence in the record supports the trial court's finding. *Johnson v. State*, 226 S.W.3d 439, 443 (Tex. Crim. App. 2007). Accordingly, the trial court did not abuse its discretion in denying Jimenez's motion to suppress.

The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Affirmed
Opinion delivered and filed October 8, 2008
Do not publish
[CR25]